**Harjit SINGH, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–4998–ag.

United States Court of Appeals, Second Circuit.

Oct. 19, 2006.

Harjit Singh, pro se, Bath, New York, for Petitioner.

Terrance P. Flynn, United States Attorney, Mary K. Roach, Assistant United States Attorney, Buffalo, New York, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Hon. SONIA SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

Petitioner Harjit Singh, a native and citizen of India, *pro se,* seeks review of a September 1, 2005 order of the BIA affirming the September 16, 2003 decision of

Immigration Judge ("IJ") Gabriel C. Videla denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Harjit Singh,* No. A 77 958 123 (BIA September 1, 2005), *aff'g* No. 77 958 123 (Immig. Ct. N.Y. City September 16, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

In this case, the IJ reasonably denied Singh's asylum claims based on an adverse credibility finding. Singh submitted two documents into evidence and testified that they were issued in two separate cities, 35 kilometers apart. However, the forensics lab at the United States Department of Homeland Security discovered that the two documents were written on the same typewriter. The IJ reasonably determined that it was not possible that these documents could be authentic if they were prepared on the same typewriter. *See Borovikova v. U.S. Dep't of Justice,* 435 F.3d 151, 158 (2d Cir.2006).

Singh's credibility was also undermined because of the discrepancies between his testimony and the information he told the immigration officer at the airport interview when he first entered the country. "Because those most in need of asylum may be the most wary of governmental authorities," the agency must recognize that an applicant may not be entirely forthcoming in an initial interview. *Latifi v. Gonzales,* 430 F.3d 103, 105 (2d Cir. 2005) (quoting *Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004)). However, an applicant's "mere recitation that he was nervous or felt pressured during an airport interview will not automatically prevent" the agency from relying on the interview for an adverse credibility determination as long as the agency acknowledges and evaluates this explanation. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 396, 397 n. 6, 399 n. 8. (2d Cir.2005). The IJ noted that it would be unlikely that if Singh came to the United States specifically to apply for asylum and to seek protection, that he would fail to disclose the information about his arrests because he was nervous. Additionally, the IJ found it suspicious that Singh was nervous about revealing his prior arrests, but had no reservations about telling the immigration inspector how he was able to procure a fraudulent passport with the payment of money to an agent, an activity which most would understand to be illegal. Since the

IJ acknowledged and analyzed Singh's explanation, his findings were reasonable and supported by substantial evidence in the record.

The IJ did not err in basing his adverse credibility determination in part on Singh's failure to provide corroborative evidence to verify his identity, specifically his passport. *See Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000) (stating that while "it is inappropriate to base a credibility determination *solely* on the failure to produce corroborative evidence[,][t]he presence or absence of corroboration may properly be considered in determining credibility" (emphasis added)).

Singh has not meaningfully challenged the IJ's denial of his withholding of removal and CAT claims in his brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).